UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KELLY CRAWFORD,

               Plaintiff,

   v.

PUD #1 of COWLITZ COUNTY, a municipal corporation,

              Defendant.

CASE NO. 16-5943 RJB

ORDER REMANDING CASE

This matter comes before the Court on the parties' response to the Court's order to show cause, if any they have, why this case should not be remanded to Cowlitz County, Washington Superior Court. Dkts. 29 and 30. The Court has reviewed the parties' responses (Dkts. 29 and 30) and the remaining file.

Originally filed in Cowlitz County, Washington Superior Court, Plaintiff brings this case asserting that Defendant wrongfully terminated his employment only after he complained of other employees' racist and sexist comments and reported safety issues. Dkt. 1-2. As explained more fully below, this case should be remanded because this Court does not have subject matter

jurisdiction: the parties are not diverse and there is no federal question at issue. Further, even if the Court at one time had original jurisdiction, this Court should decline to exercise supplemental jurisdiction.

## I.     FACTS AND PROCEDURAL HISTORY

On September 28, 2016, Plaintiff filed this case asserting claims for "retaliation," wrongful discharge in violation of public policy, intentional infliction of emotional distress, negligent infliction of emotional distress, unpaid wages in violation of Washington law, and disability discrimination contrary to Washington's Law Against Discrimination ("WLAD") RCW 49.60, *et. seq*. Dkt. 1-2, at 5-6. Under the section entitled "Damages," the Complaint claims that "[p]ursuant to RCW 49.52 *et seq*. and/or 29 U.S.C. *et seq*., Plaintiff is entitled to an award of double damages." *Id.*, at 7. It further asserts that "[p]ursuant to RCW 49.52 *et seq*., RCW 49.48 *et seq*., RCW 49.46 *et seq*., and/or 29 U.S.C. *et seq.,* Plaintiff is entitled to an award of costs and reasonable attorney's fees for having to bring this action to enforce his statutory rights." *Id.* Under the section "Request for Relief," Plaintiff seeks "double damages for wages pursuant to RCW 49.52 *et seq.* and/or 29 U.S.C. *et seq.*" and an award of "statutory costs and attorney's fees pursuant to RCW 49.52 *et seq*., RCW 49.48 *et seq*., RCW 49.46 *et seq*., and/or 29 U.S.C. *et seq.*" *Id.*

Defendants removed this case on November 10, 2016, asserting that this Court has federal question jurisdiction under 28 U.S.C. § 1331, due to Plaintiff's Complaint's references to "29 U.S.C. *et seq.*" in the "Damages" and "Requested Relief" sections. Dkt. 1, at 2.

On December 19, 2017, Defendant filed a motion for summary dismissal of all claims and noted the motion for consideration on January 12, 2018. Dkt. 20. Plaintiff responded. Dkt. 24.

On January 11, 2018, the undersigned ordered the Plaintiff to clarify whether he was raising any federal claims. Dkt. 26. The order stated:

> On review of the Complaint, the motion for summary judgment (including attachments), and Plaintiff's response (and attachments) there is now a question as to whether this Court has subject matter jurisdiction because the parties are not diverse and there does not appear to be a federal question at issue. Neither Plaintiff's Complaint nor his response to the motion for summary judgment references a federal claim. Plaintiff's Complaint's reference to an entire title of the United States Code is not sufficient. While both parties' briefs make reference to some federal cases (the Court is aware that the tests for discrimination claims under Title VII and WLAD are often, but not always, the same or similar), Plaintiff's response does not cite a federal statute and its arguments in opposition to the motion for summary judgment are based on solely on violation of state law – the WLAD. Dkt. 24. Before the Court rules on the merits of the motion for summary judgment, the Plaintiff should be ordered to clarify whether he is making a federal claim and specifically identify that claim. Plaintiff should be aware that he is not entitled to damages or relief under the federal law if he does not identify a federal claim.

Dkt. 26. The order provides further that, "if Plaintiff indicates that he is not bringing a federal claim, on Wednesday, January 17, 2018, both parties should be ordered to show cause, if any they have, why this case should not be remanded to Cowlitz County, Washington Superior Court for lack of subject matter jurisdiction." *Id.*

On January 16, 2018, the Plaintiff responded and stated that he "is not making any federal claims and the reference to the federal statute does not provide a remedy available under the claims and therefore should not be the sole basis for removal." Dkt. 29. Plaintiff states further that he has "no objection to remand to the original court of filing and believes it is appropriate." *Id.*

On January 17, 2018, Defendant filed a response to the order to show cause, and argued that Court had original jurisdiction because the Plaintiff asserted a federal wage claim and conducted

ORDER REMANDING CASE - 3

1  discovery related to that claim. Dkt. 30. It argues that the Court has, and should retain,
2  supplemental jurisdiction. *Id.*

**II. <u>DISCUSSION</u>**

Jurisdiction is a threshold issue that must be raised *sua sponte*. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94-95 (1998). A federal court has original jurisdiction over cases involving federal questions, 28 U.S.C. § 1332, or where the parties are diverse citizens and the amount in controversy is over $75,000, 28 U.S.C. § 1331. A federal court may also exercise supplemental jurisdiction over state law claims asserted in cases in which the court has original jurisdiction. 28 U.S.C. § 1367 (a).

Subject matter jurisdiction must exist before a federal court can proceed to the merits of a case. *Lance v. Coffman,* 549 U.S. 437, 439 (2007). Pursuant to 28 U.S.C. § 1447 (c), "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

The undersigned takes judicial notice that the Plaintiff has now clarified that he is not making a federal claim. *See generally*, *Singer v. State Farm Mut. Auto. Ins. Co*., 116 F.3d 373, 376 (9th Cir. 1997)(finding that trial court did not err in taking judicial notice of plaintiff's attorney's admission regarding the amount in controversy in determining whether the court had jurisdiction). To the extent that Plaintiff asserted a federal claim, that claim is now dismissed. Accordingly, it is now clear that this Court does not have federal question jurisdiction under 28 U.S.C. § 1332. Further, the parties in this lawsuit are not diverse, and so the Court does not have jurisdiction through the diversity of the parties pursuant to 28 U.S.C. § 1332.

Even assuming that the Plaintiff at one time asserted a federal claim, but has now abandoned all federal claims, pursuant to 28 U.S.C. § 1367 (c), district courts may decline to

exercise supplemental jurisdiction over a state law claims if: (1) the claims raise novel or complex issues of state law, (2) the state claims substantially predominate over the claim which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. "While discretion to decline to exercise supplemental jurisdiction over state law claims is triggered by the presence of one of the conditions in § 1367 (c), it is informed by the values of economy, convenience, fairness, and comity." *Acri v. Varian Associates, Inc*., 114 F.3d 999, 1001 (9th Cir. 1997)(*internal citations omitted*).

Although "it is generally within a district court's discretion either to retain jurisdiction to adjudicate the pendent state claims" or dismiss them without prejudice, or if appropriate, remand them to state court," *Harrell v. 20th Ins. Co.,* 934 F.2d 203, 205 (9th Cir. 1991), in the interest of fairness, the parties were given an opportunity to be heard on whether the case should be remanded for further proceedings, and have filed responses (Dkts. 29 and 30).

This Court should decline to exercise supplemental jurisdiction and remand the case to Cowlitz County, Washington Superior Court. Here, three of the four conditions in § 1367 (c) are present. Plaintiff's retaliation claim raises a "novel or complex issue of state law" and "substantially predominate[s]" over the federal wage claim (to the extent there was one). In the past, Washington used the same test for a WLAD retaliation claim as was used for a Title VII retaliation claim. *Milligan v. Thompson*, 110 Wash.App. 628 (2002). The U.S. Supreme Court recently changed the standard for the causation prong of the test – a Title VII retaliation claim uses a "but-for" standard as opposed to the old "motivating factor" standard. *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 570 U.S. 338 (2013). "[T]his burden on the plaintiff to establish that his or her protected activity was a but-for cause of the alleged adverse action by the employer is more

demanding than the motivating-factor standard." *Stilwell v. City of Williams*, 831 F.3d 1234, 1247 (9th Cir. 2016). It is unclear whether a claim under WLAD for retaliation would have to meet this new "but-for" causation standard or if it would retain the old "motivating-factor standard." Accordingly, the remaining state claims may "raise novel or complex issues of state law" under § 1367 (c)(1), determinations for which the state court is uniquely suited. Further, the Plaintiff devoted a large amount of his response to the motion for summary judgment to his retaliation claim, demonstrating that this claim "substantially predominate[s]" over the federal wage claim, to the extent there was one. Defendant's 26 page motion for summary judgment devoted **three lines** to the wage claim. Dkt. 20, at 24. Neither party cites a federal statute or case law. Moreover, by this order, all federal claims are dismissed. This Court does not have original jurisdiction, and so has discretion to decline to exercise supplemental jurisdiction over the state law claims under § 1367 (c)(3). Three of the four conditions in § 1367 (c) are met.

Further, the values of economy, convenience, fairness and comity are served by this Court's declining to exercise supplemental jurisdiction. *See Acri v. Varian Associates, Inc*., 114 F.3d at 1001. This case involves the Cowlitz County Public Utility and people who live or work in or near the county, which is a two and a half to three hour drive from this courthouse. Witnesses would have to travel further if they are forced to come here. Remand then, is more economical and convenient. Further, fairness and comity are also well served by remanding this case. Insofar as reasonably practical, the time of federal courts should be spent resolving cases involving some federal nexus. There is no longer a federal nexus in this case, if there ever was one. This Court should decline to exercise supplemental jurisdiction over the remaining claims in this case. This case should be remanded to Cowlitz County, Washington Superior Court.

### III. ORDER

It is **ORDERED** that:

- Plaintiff's federal claims, if any, **ARE DISMISSED**; and
- This case **IS REMANDED** to Cowlitz County, Washington Superior Court.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 18th day of January, 2018.

*/s/ Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge